### IN THE

# SUPREME COURT OF TENNESSEE,

### FOR THE

## WESTERN DIVISION.

JACKSON, : : : : : : APRIL TERM, 1874.

## JOHN CROCKE *v.* THE STATE.

1. CRIMINAL LAW. *Surprise. Amending affidavit of defendant. Error to deny. When. Evidence.* Where the committing magistrate was introduced to prove a confession by the defendant made on the committing trial, it was error to refuse to allow the defendant to amend an affidavit on motion for a new trial, alleging surprise, and offering to prove by two persons present at the trial, facts tending to rebut the magistrate's testimony, because the affidavit failed to state exactly what the defendant proposed to prove by witnesses.

2. SAME. *Bill of exceptions.* Where it was afterwards interpolated into the bill of exceptions, by the clerk, that the court made a different ruling as to the affidavits, such interpolation will not be regarded as a part of the bill of exceptions.

### FROM SHELBY.

Appeal from the Criminal Court. JNO. R. FLIPPIN, Judge.

---

---

ATTORNEY-GENERAL HEISKELL for the State.

No brief for defendant.

NICHOLSON, C. J., delivered the opinion of the court.

John Crocke was indicted in the Criminal Court of Shelby county for the murder of Lou Goodwin, convicted of murder in the second degree, and sentenced to fifteen years' imprisonment in the penitentiary.

The first ground relied on for a reversal of the judgment is, that the Judge overruled the motion for a new trial, based upon the affidavit of defendant, dated January 3, 1873, that he was surprised by the testimony of E. W. Caldwell, the committing magistrate, who had detailed a confession made by defendant on the committing trial, and proposing to rebut his testimony by two witnesses, Col. W. L. Duff and J. P. Littell, who were present at the committing trial, and then present in court. The Judge held that defendant's affidavit was insufficient in substance, and refused to hear the two witnesses. Defendant then moved the court to allow him to amend his affidavit so as to state specifically what he expected to prove by said two witnesses, which the court refused to do, and the two witnesses were not allowed to testify. To all of which defendant excepted, and prayed an appeal to the Supreme Court, which was granted. Then follows in the bill of exceptions, in brackets, this entry: "But afterwards the court reconsidered its action, and said it would permit the

affidavits of Duff and Littell to be filed, and would again reconsider the motion for a new trial when they had been filed, and five days were allowed for filing said affidavits." Signed "Clerk." Defendant tendered his bill of exceptions, which was signed on the 8th of January, 1874.

It appears that Lou Goodwin, the deceased, was a lewd woman, living in a house with two other lewd women, and that defendant was in the habit of visiting the house.

After her death she was examined by a physician, who found on her head two wounds, one of slight character on the back of her head, and the other over the left eye, the bone being crushed in, from which the physician was of opinion she died of compression of the brain.

On the trial before the committing magistrate, the two lewd women referred to were examined as to the homicide, but on the trial in court they were not examined, it being proved by one of the State's witnesses that they disappeared during the yellow fever epidemic, and their whereabouts since was unknown to him. It was not shown that any effort had been made to produce them on the trial.

There being no proof as to the killing before the jury, the State introduced the committing magistrate, who testified as follows: "I committed the defendant to jail, and while I was writing the mittimus, or about the time I finished it, he, the defendant, remarked that he did strike her once or twice with a chair while they were drinking, but did not think he

hit her hard enough to take life, and did not think he hit her hard enough to kill her. I was not paying particular attention to him, and don't know that I heard all he said during the conversation, but have stated the substance of what I understood to be addressed to me. I thought this was addressed to me; yes, I am confident it was. This is all I heard him say, and I think if he had said anything else I would have heard it. There was no inducement held out by me to induce this confession. These remarks were not made in reply to any questions propounded by me; don't know whether they were in answer to questions from some one else or not. Mr. Dunn, the officer, and several other persons were in the room at the time." This statement was after the witnesses had been examined and the case disposed of.

Dunn, the officer, was examined in court by the State, but no question seems to have been asked him as to this statement of defendant detailed by the committing magistrate.

It was to rebut the confession so proved by the committing magistrate, that the defendant asked leave of the court to have Col. Duff and Littell examined on his motion for a new trial. The materiality of the proof of the committing magistrate is obvious—it was, in fact, the only proof connecting the defendant with the killing. It was, therefore, of vital importance to defendant to rebut this proof, and this he proposed to do by the oral examination of two witnesses, who were present at the committing trial and then present in court.

Crocke *v.* The State.

Technically, the affidavit of the defendant was probably defective in a particular which could readily be amended.    He offered to amend it, but this was refused, and, without hearing the two witnesses then in court, the Judge overruled the motion for a new trial. This was manifest error.    The character of the testimony given by the committing magistrate; the fact that he was not positive that he heard all that was said by defendant; that he only undertakes to give the substance of defendant's statement as it impressed itself on his mind, and while he was not paying particular attention, but was either engaged in writing out his mittimus or was just closing it, together with the fact that Dunn, the officer, who was present when the confession was made, was examined but testified to no such statement—these facts and circumstances cast some degree of cloud upon the testimony of the committing magistrate, and show that the defendant had a right to the testimony of the two witnesses for the development of the real truth of the case, and that injustice was done to his cause by the refusal to hear them.    It was not to be presumed by defendant that the two women who had testified as to the homicide on the committing trial, would not be present on the trial in court; nor that the committing magistrate would be called to testify as to his statements after the committing trial was closed.    It was a case in which defendant might well be surprised by the testimony of the committing magistrate.

But it may be said, that although the Judge erred in refusing to allow the affidavit to be amended, and

the two witnesses to be then examined, yet that afterwards he corrected the error and agreed to hear the testimony, if the affidavits of the witnesses should be filed in five days. But this seems to be a historical statement, interpolated into the bill of exceptions by the clerk, after the motion for a new trial was refused, and after an appeal had been granted to the defendant. We cannot regard this interpolation as legitimately a part of the bill of exceptions; and even if we could, it is fair to presume that the two witnesses had left when the Judge reconsidered his ruling, and it was not then in the power of defendant to procure their affidavits within the time limited.

As we regard the error committed as fatal to the action of the court, in refusing to hear the testimony offered on the motion for a new trial, we deem it improper to examine the evidence further to determine whether it supports the verdict.

The judgment is reversed.